IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

STEVEN ALEXANDER WEINERT,    )
    )
    Plaintiff,    )
    )
v.    )    No. CIV 23-330-RAW-JAR
    )
STATE OF OKLAHOMA, et al.,    )
    )
    Defendants.    )

## OPINION AND ORDER

Plaintiff is a pro se pretrial detainee who is incarcerated at the LeFlore County Detention Center in Poteau, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at the Pushmataha County Jail in Antlers, Oklahoma (Dkt. 1). The defendants are the State of Oklahoma, the Oklahoma Attorney General, the Pushmataha County Sheriff's Department, and Pushmataha County Sheriff B.J. Hedgecock. After careful review of the complaint, the Court finds Plaintiff must file an amended complaint as set forth below.

## I.    Screening/Dismissal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful

in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff's prolix complaint is disorganized and unclear. It appears, however, that his claims are divided into two categories: (1) the conditions of his confinement in the Pushmataha County Jail and (2) incidents related to his arrest and prosecution. Section 1983 is the proper cause of action for claims related to the conditions of a prisoner's confinement. The Tenth Circuit has held that a

pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).

Plaintiff's claims regarding his arrest and prosecution, however, are not appropriate for this civil rights action. He must present such claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, after exhaustion of his state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

## II.   Improper Defendants

As explained below, Plaintiff has named three improper defendants in his complaint: the State of Oklahoma, the Oklahoma Attorney General, and the Pushmataha County Sheriff's Department.

### A.      The State of Oklahoma

The Eleventh Amendment prevents Plaintiff from suing the State of Oklahoma without its unequivocal consent, and this prohibition encompasses suits against state agencies. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ( "Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (noting that the Eleventh Amendment's protection encompasses States and state agencies). "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). *See also* Okla. Stat. tit. 51 § 152.1. Therefore, the State of Oklahoma is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). *See Wauford v. Richardson*, 450 F. App'x 698, 699 (10th Cir. 2011) (holding that claims dismissed under the Eleventh Amendment "should have been dismissed without prejudice.").

### B.      The Oklahoma Attorney General

Plaintiff has named the Oklahoma Attorney General as a defendant, but no allegations against the Oklahoma Attorney General have been presented in the complaint. Because there are no allegations of a constitutional violation by the Oklahoma Attorney General, he is DISMISSED for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

### C.      The Pushmataha County Sheriff's Department

The Pushmataha County Sheriff's Department also is an improper defendant. Courts in this circuit have repeatedly determined that local police and sheriff's departments do not have legal identities apart from the municipalities or counties that they serve. *See, e.g., Powell v. Bd. of Cty. Comm'rs of Okla. Cty.*, No. CIV-18-294-D, 2019 WL 2167420, at *3 (W.D. Okla. May 17, 2019) (unpublished) ("Because the [Oklahoma County Detention Center] and the Sheriff's Department do not have legal identities separate from that of Oklahoma County, they are not suable entities and are not proper defendants in a civil rights action.") (citing *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. Sept. 10, 2007) (unpublished) (affirming dismissal of § 1983 claims against police departments and a county sheriff's department, noting that defendants were "not legally suable entities"); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *6 (10th Cir. Sept. 2, 1997) (unpublished) (holding that an Oklahoma sheriff's department is not a proper entity for purposes of a § 1983 action)). *See also Henry v. Albuquerque Police Dep't*, 49 F. App'x 272 n.1 (10th Cir. 2002) (unpublished); *Ketchum v. Albuquerque Police Dep't*, No. 93-2200, 1992 WL 51481 (10th Cir. Mar. 12, 1992) (unpublished). Therefore, the Pushmataha County Sheriff's Department is DISMISSED from this action for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

## III.   Civil Rights Claims

### A.      Access to Television, Newspapers, and Other News Media (Dkt. 1 at 2)

Plaintiff alleges Defendant Sheriff Hedgecock and unnamed jail staff provided no access to the press or media, because there are no televisions, newspapers, or other forms of the press

available.  To the extent Plaintiff is complaining of a deprivation of his First Amendment free-speech right to read or view news materials, his vague and conclusory allegations do not state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).  Therefore, this claim is DISMISSED WITHOUT PREJUDICE with leave to expand the claim in the amended complaint by setting forth when these alleged incidents occurred and which "jail staff" were responsible for the deprivation.  *See Khan v. Barela*, 808 F. App'x 602, 606-07 (10th Cir. 2020)

### B.    Pretrial Publicity (Dkt. 1 at 2)

Plaintiff claims the State or the Sheriff's Department ran a local newspaper article "sullying the jury pool and creating partiality to the State."  *Id*. at 2.  This allegation regarding pretrial publicity is not appropriate for a civil rights action and must be DISMISSED WITHOUT PREJUDICE.  Plaintiff must raise such issues in a proper petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, after exhaustion of state court remedies.

### C.    Access to Law Library (Dkt. 1 at 3-4)

Plaintiff complains that he requested law library access after he arrived at the jail on July 16, 2023, but Ms. Roden told him that the Sheriff was too busy to worry about taking Plaintiff to the law library.  He contends Ms. Roden forced him to research legal matters through her, thus violating the attorney client-privilege and giving the State an advantage.  Plaintiff also asserts the lack of a law library at the jail hindered his ability to petition for redress of his grievances.

To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury.  *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).  "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation."  *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Here, the Court finds Ms. Roden is not a named defendant, and Plaintiff has failed to demonstrate that the alleged denial of access to a law library caused him an actual injury.  Therefore, this claim is DISMISSED WITHOUT PREJUDICE to his properly presenting the claim in an amended complaint.

### D.    Grievance Response (Dkt. 1 at 2)

Plaintiff claims that on September 12, 2023, he filed a grievance for the failure to provide shake-down tickets or administrative due process for lockdown.  On September 15, 2023, Mr. Kyle would not allow Plaintiff to use the kiosk to check on the grievance response.  Plaintiff does not know whether the jail has a grievance policy.

The Court finds Plaintiff's allegations in this claim do not demonstrate he was denied a constitutional right.  Further, Mr. Kyle is not a defendant in this action.  Therefore, the claim is DISMISSED.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("A denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983.") (citations omitted).

E.      **Arrest and Bond**  (Dkt. 1 at 2-5)

Plaintiff alleges that on July 16, 2023, he was seized without an arrest warrant and brought to Pushmataha County Jail.  He appeared before a judge the next day.  Charges allegedly were filed on July 20, 2023.  *Id*. at 3.  He asserts he was not informed of the nature of the charges against him until July 23, 2023.  He complains he was not indicted by a grand jury, and an apparent plea offer of 20 years violated his right to a speedy and public trial by an impartial jury.  He also complains that the State's use of previous felonies for enhancement puts his life in jeopardy twice for past crimes or offenses.

Plaintiff further asserts that the Polk County, Arkansas, bond of $500,000 is excessive, because he was enrolled in college on a Pell Grant and a federally protected student loan.  He also contends the State of Oklahoma's $500,000 bond is excessive for the same reasons.

Plaintiff's claims regarding his arrest and bond are not proper for a § 1983 civil rights complaint.  Such claims must be presented in a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241, after exhaustion of state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  Therefore, Plaintiff's claims regarding his arrest and bond are DISMISSED WITHOUT PREJUDICE.

F.      **Conditions of Confinement** (Dkt. 1 at 5).

Plaintiff complains that the "rusty conditions" of the jail are a risk for infectious disease and constitute cruel and unusual punishment. He also alleges the failure of females to announce "opposite gender" on the floor violates the Prisoner Rape Elimination Act. In addition, he contends the "erratic and non-nutritionalist approved meals constitute cruel and unusual punishment." Plaintiff, however, has failed to provide the names of the individuals who have committed these alleged constitutional violations or the dates of the alleged occurrences.

The Court finds Plaintiff's allegations are vague and conclusory, and because he has not named the proper defendants, he has failed to state an Eighth Amendment claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Therefore, this claim is DISMISSED WITHOUT PREJUDICE with leave to properly re-urge these claims in a proper amended complaint.

**IV.   Supplement to Complaint** (Dkt. 1 at 9-12)

Plaintiff has attached to the complaint a "Supplement to the Complaint," adding allegations about his trust fund statement, charges for his commissary receipts, and copies of grievances. He, however, does not allege a constitutional violation. He also has included an affidavit concerning alleged incidents concerning other inmates, in addition to two inmate grievances concerning a lockdown and his inability to use a kiosk.

Plaintiff may not amend his complaint with a "supplement," therefore, the supplement is DENIED. He, instead, must have the Court's permission to amend his complaint with a proper amended complaint. *See* Local Civil Rule 9.2(c). He also may not raise claims concerning other inmates. Plaintiff must present all his claims in a proper amended complaint without any "supplements."

**V.   Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Further, the names in the caption of the amended complaint

must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and that Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). When a plaintiff instead uses "either the collective term 'Defendants' [or 'staff' or 'employees'] or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250 (citation omitted).

An amended complaint completely replaces the original complaint and renders the original

complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,**

1.      Defendant State of Oklahoma is dismissed without prejudice pursuant to the Eleventh Amendment.

2.      Defendant Oklahoma Attorney General is dismissed for failure to state a claim upon which relief may be granted .

3.      Defendant Pushmataha County Sheriff's Department is dismissed for failure to state a claim upon which relief may be granted.

4.      Plaintiff's claim regarding access to television, newspapers, and other news media is dismissed without prejudice to re-urging the claim in a proper amended complaint.

5.      Plaintiff's claim regarding pretrial publicity is denied without prejudice.

6.      Plaintiff's claim regarding alleged denial of access to a law library is dismissed without prejudice to re-urging the claim in an amended complaint.

7.      Plaintiff's claim regarding his grievance response is dismissed.

8.      Plaintiff's claim regarding his arrest and bond is dismissed without prejudice.

9.      Plaintiff's claim regarding the conditions of his confinement is denied without prejudice to re-urging the claim in a proper amended complaint.

10.     Plaintiff's Supplement to the Complaint (Dkt. 1 at 9-12) is DENIED.

11.     Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.  He may not submit any "supplements."

12.     The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court and a copy of Local Civil Rule 9.2 (c)..

13.     Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 29th day of April 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

10